PRO SE GUIDE

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

May 10, 2018

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE **Western** DISTRICT OF **Arkansas**
**Western** DIVISION
*(Write the District and Division, if any, of the court in which the complaint is filed.)*

**Andrew Dziedzic**

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

**Arkansas Dept of Human Services**
**Carroll County**
**Mischa Martin**
**See attached**

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. __18-3050 TLB__
*(to be filled in by the Clerk's Office)*

Jury Trial:  ☒ Yes   ☐ No
*(check one)*

15

PRO SE GUIDE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Andrew Dziedzic |
| Street Address | 509 Huntsville St |
| City and County | Berryville - Carroll |
| State and Zip Code | Arkansas 72616 |
| Telephone Number | 870-929 6587 |
| E-mail Address | andrewdziedzic1982@yahoo.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Mischa Martin |
| Job or Title (if known) | Director DCFS |
| Street Address | PO Box 1437 Slot 5560 |
| City and County | Little Rock - Pulaski County |
| State and Zip Code | Arkansas 72203-1437 |
| Telephone Number | 501-320-6331 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | Judge Sam Barr |
| Job or Title (if known) | Carroll County Judge |
| Street Address | 210 West Church Ave #1 |
| City and County | Berryville, Carroll |

16

State and Zip Code  Arkansas 72616
Telephone Number  870-423-2967
E-mail Address
(if known)

Defendant No. 3
Name  Jedediah Thompson
Job or Title  Area 1 Director DCFS - Bentonville
(if known)
Street Address  2 cartmel Lane
City and County  Bella Vista - Benton
State and Zip Code  Arkansas 72714-5125
Telephone Number  479-273-9011
E-mail Address
(if known)

Defendant No. 4
Name  Denise Gibson
Job or Title
(if known)
Street Address  1418 Keystone Rd
City and County  Reeds Spring - Stone
State and Zip Code  Missouri 65737
Telephone Number
E-mail Address  see attached
(if known)

**II.   Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

17

PRO SE GUIDE

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question        ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.  **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. Punitive, Declatory, Injunctive
42 U.S.C. 1983 Civil Action for Deprivation of Rights
42 USC. 1985 Conspiracy to interfere with civil rights
42 U.S.C. 1986 Action for neglect to prevent
18 U.S.C. 242 Deprivation of rights under color of Law.
violation of the Uniform Child Custody Jurisdiction and Enforcement Act

B.  **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

    The plaintiff, *(name)* Andrew Driedric, is a citizen of the State of *(name)* Arkansas.

    b.  If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual

    The defendant, *(name)* Denise Gibson, is a citizen of the State of *(name)* Missouri. Or is a citizen of *(foreign nation)* _____.

18

PRO SE GUIDE

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.   If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. 1983 - Civil Action for Deprivation of civil Rights
42 U.S.C. 1985 conspiracy to interfere with civil Rights
42 U.S.C. 1986 Action for neglect to prevent
18 U.S.C. 14) Deprivation of Rights under color of law.
violation of Uniform Child Custody Jurisdiction and Enforcement Act

**B.   If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* Andrew Dulebic, is a citizen of the State of *(name)* Arkansas.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* Kimberly Simmons, is a citizen of the State of *(name)* Missouri. *Or* is a citizen of *(foreign nation)* _____.

18

  b.  If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

 3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

$25,000,000; $5,000,000 $500,000 $500,000 $500,000 $750,000; $500,000; $850,000, $500,000 $100,000 $100,000; $100,000 – see statement of claim 1) Declaratory Judgement, Injunctive Relief.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Attached.

Mischa Martin
c/o Arkansas Department of Human Services
Division of Children and Family Services
PO BOX 1437 Slot S560
Little Rock, AR 72203-1437

Office of Chief Counsel
PO bOX 1437
SLOT S260
Little Rock, AR
72203-1437

Clint Scheel
104 Public Square Rd.
Berryville, AR 72616

Judge Sam Barr
c/o Carroll County Judge's Office
210 West Church Ave #1
Berryville, AR
72616

JEDEDELIAH THOMPSON
2 Cartmel Lane
Bella Vista, AR
72714-5125

JEDEDELIAH THOMPSON
c/o Bentonville Department of Human Services
900 SE 13th Ct Bentonville, AR 72712

Denise Gibson
1418 Keystone Rd
Reeds Spring, MO 65737

27272 Highway 23 Huntsville, AR 72740

Clay Reynolds
31 County Road 3157
Eureka Springs, AR 72632

Clay Reynolds
c/o Carroll County Department of Human Services
304 Hailey Rd.
Berryville, AR 72616

Kimberly Simmons
24539 Perch Drive #T
Golden, MO 65658

Kimberly Simmons
c/o Carroll County Department of Human Services
304 Hailey Rd.
Berryville, AR 72616

Rebecca Mayfield

501 South Spruce St
Harrison, AR 72601

720 County Road 966
Alpena, AR 72611

c/o Carroll County Department of Human Services
304 Hailey Rd
Berryville, AR 72616

Kevin Disheroon
c/o Berryville Police Department
303 E Madison Ave
Berryville, AR 72616

David Campbell
c/o Berryville Police Deoartent
303 E Madison Ave
Berryville, AR 72616

Daniel Crawford
c/o Berryville Police Department
303  E Madison Ave
Berryville, AR 72616

Tina Wood
c/o Carroll County Department of Human Services
304 Hailey Rd.
Berryville, AR 72616

Sarah Ashurst
c/o Madison County Department of Human Services
113 North College St.
Huntsille, AR 72740

Andrew Dziedzic (Pro-Se)

509 Huntsville St.

Berryville, AR 72616

(870-929-6587

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

CIVIL DIVISION

| | |
|---|---|
| Andrew Dziedzic, | ) Case No.: [Number] |
|  | ) |
| Plaintiff, | ) Legal Complaint and Brief |
|  | ) |
| vs. | ) |
|  | ) |
| Arkansas Department of Human Services, | ) |
|  | ) |
| Carroll County, Arkansas | ) |

Jededeliah Thompson

Denise Gibson

Rebecca Mayfield

Kimberly Simmons

Sara Ashurst

Clay Reynolds

Tina Wood

Kevin Disheroon

Legal Complaint - 1

Daniel Crawford

David Campbell

                Defendant

---

The plaintiff makes the following claims relevant to this case.

1. On or about April 22, 2016 Rebecca Mayfield entered my daughter's private hospital room and photographed her without consent of either parent. She did not introduce herself as a social worker. She accused my wife of the starvation of our daughter, a medical diagnosis she was not qualified to make. This was a violation of the privacy of my wife and I as well as our daughter both personally and medically.

2. On or about April 23, 2016, Rebecca Mayfield again appeared at the hospital and coerced my wife and I into allowing medical professional to visit our home to monitor our daughter's health. We agreed under duress.

3. In May of 2016, Rebecca Mayfield came to my home at my request to help soothe my daughter, she made several observations that were false, and those statements were later put into official court reports. She threatened to remove my daughter from my custody unless my wife returned home from work. She claimed I was under the influence of alcohol and was legally intoxicated, this was false, but she put those false claims into court reports and swore under oath of its truth; despite no proof other than heresy whatsoever. Since these lies appeared in court reports and was taken as testimony, under oath under penalty of perjury, the above two crimes were committed. Those acts caused an intentional or reasonable belief of intent to delay the lawful return to custody of my daughter.

4. On June 22, 2016 Kimberly Simmons entered the property of Andrew Dziedzic and Christine Grunwald and left a business card after unsuccessfully attempting to make contact. Her intent or reasonable belief of intent was to investigate and as such, she did not possess any legal standing to be on that property as she did not possess a warrant, court order or probable cause.

5. On June 23rd, 2016, Kimberly Simmons and Ms. Ashurst once again entered the property of Andrew Dziedzic and Christine Grunwald with the *intent* to investigate. They did not possess a warrant, court order or probable cause to be on the property.

6. After being denied access to the inside of the home, Kimberly Simmons threatened to remove my daughter from my custody if we did not comply and allow them into our home. The order to remove for non-compliance came from Denise Gibson This resulted in me being coerced into allowing someone with no legal standing to be on my property or to enter my home to do so under duress.

7. After leaving our property, they returned about twenty minutes later with police officers from the Berryville police department, identified as Officers Disheroon and Crawford. They were there to assist in the removal of my daughter from the custody of my wife and I. Neither Kimberly Simmons nor Ms. Ashurst ever presented them with a court order, warrant or probable cause to remove our daughter from our custody. The order to remove came from Denise Gibson. The reason stated for removal was environmental neglect; no medical report ever indicated extreme and imminent risk of harm or death. The officers on scene should of have been expected as a result of their official capacity; to understand that my constitutional or civil rights may be being violated. As such, they had an obligation to question or cease they're actions, refuse to participate in such an action and prevent such action from taking place until the actions reached lawful status. As they did none of these things, they are just as complicit in the violations as the primary aggressors.

8. Thirty minutes following the removal of our daughter, my wife and I received a call from Clay Reynolds from the Carroll County Office of Department of Health demanding we consent to a drug screen, despite not having any probable cause of any drugs or alcohol present during the removal of our daughter. Without probable cause or court order to conduct a drug screen, it amounted to an illegal search and seizure.

9. My wife and I both consented to drug screens, my wife tested positive for THC, which she contested. The true result was never revealed. My wife was accompanied into the restroom by a woman who would monitor her drug screen closely. Clay Reynolds, a biological woman at the time entered the restroom with me. Her appearance in the restroom with me in and of itself made me uncomfortable and the psychological distress Kimberly Simmons and Clay Reynolds was not placing me under resulted in a physical and psychological inability to urine. I made several reasonable requests in an effort to produce a sample, those requests were denied. I was marked as a refusal for being unable to produce a sample. This resulted in being denied equal protection under the law for being refused the same accommodations my wife would have or reasonably expected to have.

10. On July 7, 2016, my wife and I attended our first hearing, a probable cause and adjudication hearing related to the removal of our daughter. Several fraudulent court reports were entered, and Rebecca Mayfield gave false testimony under oath on that date. Those lies were enough to not only compel Honorable Judge Scott Jackson to prolong the removal of our daughter, but order me into an alcohol cessation program, thus furthering prolonging the lawful return to custody of our daughter. Since my daughter was removed on June 23, and our first hearing was on July 7th and no prior notice of this hearing existed or was provided to us by any person claiming to offer us legal representation, this amounted to a violation of my procedural due process rights, for not being given a reasonable notice of a hearing following the removal from my custody of my daughter.

11. On July 11, 2016, I penned the first of many e-mails to Jedediah Thompson, who was the area 1 Director for DCFS. The purpose of the e-mail was to file a complaint against Rebecca Mayfield, Kimberly Simmons, Clay Reynolds and Denise Gibson. The complaint was acknowledged; however, nothing was done. Ms. Thompson's complicity and inaction signaled an approval of the actions of her colleagues and thus her complicity makes her an accessory. E-mails were also made to Ms. Thompson from Feb 2017 to December of 2017. Again, my complaints were acknowledged but ultimately ignored. As a result of being made aware of possible constitutional and civil rights violations, her inaction makes her culpable.

12. On August 23, 2016 at the advice of our attorney, we went to a provider that Arkansas DHS was court ordered to pay for to undergo a hair follicle test. When contacted, Clay Reynolds refused to provide an order of consent to pay for the tests and our attorney contacted J Honorable Judge Scott Jackson's office to secure that court order. The provider performed a hair follicle test on my wife and I after obtaining the court order from our attorney, in opposition from Clay Reynolds. Mr. Reynolds was factually in contempt of court at this time.

13. Despite being court ordered to do so, Clay Reynolds did not authorize a substance abuse and psychological analysis for my wife and I until August 11, 2016 and October 2016 respectively. 1-3 months following the court order to do so, this was intentionally done or was done in such a way as to reasonably expect a delay in the lawful return of my daughter.

14. Between July 2016 and August 2017 on several occasions' reasonable requests to have visitation and increase visitation with our daughter were denied by Clay

Reynolds at the direction of Denise Gibson. This resulted in parental alienation, psychological abuse towards myself and my daughter as well as my wife.

15. From July 2016 until November 2016, my wife and I were ordered to attend parenting classes by Denise Gibson. They were unrelated to environmental topics at our own expense of gas and time. Despite reporting to the court that I was in non-compliance, the completed parenting certificates were in our possession. This was another tactic used by case workers and the Department of Human Services in Arkansas to delay the lawful return of our daughter by distracting us using irrelevant activities.

16. In a subsequent police report, Rebecca Mayfield made a false report to Officer Campbell; she stated she had spoken to my wife and I previously on Feb 6, 2017 regarding the danger one of my dogs posed to my daughter. I believe her testimony was critical to the decision for Officer Campbell to apply for and receive a reasonable suspicion arrest warrant. As part of his official capacity as a police officer, he knew or was reasonably expected to know that the information used to obtain an arrest warrant was questionable and false.

17. Officer Campbell falsely claimed in his report that I had told him the Pitbull/boxer was a dog bred for fighting, I believe my wife was present at the time and never heard me make such a statement. As a result of his affidavit and the false reporting of Ms. Mayfield, this evidence was used to obtain an arrest warrant and commit false arrest and imprisonment.

18. On Feb 6, 2017, my daughter was air lifted to a hospital in Springfield to be treated for a serious but not life-threatening dog bite. Clay Reynolds; at the direction of Tina Wood attempted unsuccessfully to take custody of my daughter. My daughter was out of State and therefore out of the jurisdictional authority of Carroll County officials. Clay Reynolds responded by; at the direction of Tina Wood, ordering the hospital to place a hold on our daughter, which again, neither Mr. Reynolds nor Ms. Wood had no authority to do. Mr. Reynolds then contacted Greene county social services to seek permission to take custody of our daughter or allow someone with jurisdictional authority to do so. A call was made to the State's child abuse hotline in Missouri, presumably by either Mr. Reynolds or Ms. Wood to provide probable cause to conduct a seizure of my daughter. Mr. Reynolds acknowledged in court documents that no response was ever given from Greene county officials and that he did not have the authority to take custody of my daughter. What this amounted to at best was a violation of the Interstate Child Custody Jurisdiction and Enforcement Act, at worst it was interstate kidnapping using Kimberly Freeman as an unknowing accomplice. Clay Reynolds demanded that Kimberly Freeman, who is falsely listed in court

documents as the maternal great aunt of my daughter, travel to Springfield, Missouri to take custody of my daughter. She did not have the lawful authority to do so and unwittingly committed interstate kidnapping at the behest of Clay Reynolds and Tina Wood. Tina Wood who should have or was reasonably expected to have known that placing a hold on my daughter and subsequently having custody taken of my daughter was a violation of State or Federal law. This led to parental alienation.

19. On Feb 8, 2017 at approximately 5:45 pm Officers Craig Hicks and Sgt. Disheroon executed an arrest warrant on my wife and I. We were subsequently charged with Felony Endangering the Welfare of a Minor and Misdemeanor Animal Cruelty. Those charges are scheduled to be dismissed by deferral on July 23, 2018. The information used to obtain this arrest warrant was false and fraudulent. It led to a false arrest and imprisonment of more than twelve hours.

20. Despite eliminating the environment that led to the second removal of our daughter, our daughter was not legally returned to our custody until September 21st, 2018. The case workers and Department of Human Services again used tactics as a means to unnecessarily lengthen the time of removal and lawful return to custody of our daughter.

21. Following the return of my daughter, she has shown no fear towards dogs of any size, however due to State interference in our parenting, she frequently has trouble going to sleep and has frequent nightmares due to the restrictive visitation parameters enforced by Clay Reynolds and approved by Denise Gibson. Denise Gibson and Clay Reynolds systematically were involved in the psychological abuse of my daughter; they used Kimberly Freeman to achieve that goal.

22. While in the care of Kimberly Freeman, my daughter was frequently ill and had multiple health problems. Now that she is back in our care, she is healthier than ever and is thriving. I believe the health problems that my daughter suffered while in the care of Kimberly Freeman was manufactured for the benefit of Clay Reynolds, Denise Gibson and Kimberly Freeman.

23. As the police officers named work for the Berryville Police Department, which is funded by Carroll County, Arkansas, the county is ultimately responsible for the actions of case workers employed by the Carroll County Department of Human Services and the Berryville police department.

I affirm my right to to punitive, declaratory and injunctive relief based on the persistent and continued abuses inflicted to other families as well as my own. I am not the first

and will likely not be the last family to suffer the abuses at the hands of these case workers, these police officers employed under the direction of this county, for this State agency. I seek a vacation and nullification of the judgment of the administrative court who inflicted upon my wife and I damage to our reputation and ability to seek occupational choice. I ask the court declare fraud has been committed by the defendants and that such fraud led to a decreased reputation and has led to a decrease in overall ability to generate a standard of living. These offenses were committed against my family willfully and maliciously without care for the Federal and State laws that governed the undertaking of they're practice. I seek the following relief from the below listed parties.

From the Arkansas Department of Human Services, I seek punitive damages of not less than $25,000,000 for the infliction of civil rights and constitutional rights abuses and violations upon my family and the continued abuses and violations on others. For allowing and contuing a policy that seeks to enhance and enforce these abuses and violations. I also seek court costs and legal fees associated with this litigation if any.

I ask that the court to immediately by way of injunctive relief to cease and revoke the federal funding the agency receives from the Title IV D and E accounts of the Social Security fund for a period of ten years.

I ask the court to appoint both a federal and independent auditor during this ten year period of absent funding to conduct an audit of all cases of the previous ten years where the Arkansas Department of Human Services was involved directly with the removal from custody from the biological and natural parents of a a child or children, if the audit concludes that the removals were not justified; then with great haste the return to custody of that child to they're biological and natural parents should begin. If the parents are unavailable, those children should be placed with they're closest biological and natural relative.

I ask the court to vacate any judgment handed down by any administrative judge working on behalf of or awarding a judgment favorable to the Arkansas Department of Human Services or any of its agents that contains fraudulent or unproven information damaging to the reputations of my wife and I.

I seek a declaratory judgment from the court that no justification existed to remove or continue a removal of the lawful custody of my daughter and that the intentional delay of the return of lawful custody took place by the Arkansas Department of Human Services and its agents.

I seek a declaratory judgment from the court that the Arkansas Department of Human Services and/or it's agents engaged in a repeated pattern of fraud, perjury and falsification

of official court documents, which led to the intentional and malicious delay of the return to lawful custody of my daughter.

From the County of Carroll, located in the county seat of Berryville, Arkansas, I seek punitive damages of not less than $5,000,000 for willfully and continuously allowing the unlawful and unconstitutional actions of the Arkansas Department of Human Services and its agents and the Berryville Police Department and its agents for which they would reasonably be expected to be aware of, since they are a funding source for both.

I also ask the court to allow injunctive relief, prohibiting the county of Carroll from providing any funding to the Carroll County Department of Human Services or the Arkansas Department of Human Services that it is not legally contracted or obligated to do.

From Jededeliah Thompson, I seek punitive damages of not less than $500,000 for knowingly allowing the actions of her subordinates to take place and continue to take place after being made aware of the violations to civil and constitutional rights. She had the authority to cease the actions of the agents employed by the Arkansas Department of Human Services and chose not to.

From Denise Gibson, I seek punitive damages of not less than $500,000 for ordering the constitutional and civil rights abuses and violations to occur at the hands of Rebecca Mayfield, Kimberly Simmons, Sara Ashurst, Clay Reynolds and Tina Wood. I also cite a violation of procedural due process, falsification of court records and fraud upon the court. Her actions led to the intentional and willful removal from lawful custody of my daughter. I also ask that the court if it has the authority to do so, to void any professional licenses related to social work granted by the State of Arkansas or the State of Missouri.

From Rebecca Mayfield, I seek punitive damages of not less than $500,000 for committing fraud upon the court, perjury by hearsay, falsification of official court documents and damage to reputation and occupational freedom which led to the intentional and willful delay in return to lawful custody of my daughter.

From Kimberly Simmons, I seek punitive damages of not less than $750,000 for civil and constitutional rights abuses which led to the unlawful removal from lawful custody of my daughter, the invasion of my privacy and right to liberty, my right to be free of unlawful search and seizure, falsification of official court records, denial of procedural due process.

From Sara Ashurst, I seek punitive damages of not less than $500,000 for being an accessory to the constitutional and civil rights abuses engaged in by Kimberly Simmons, the invasion of my privacy, right to liberty and to be free of unlawful search and seizure, the falsification of official court records and denial of procedural due process.

From Clay Reynolds, I seek punitive damages of not less than $750,000 for civil and constitutional rights abuses and violations, fraud upon the court, falsification of official court records, violation of the Uniform Child Custody and Jurisdiction and Enforcement Act, for parental alienation and for undeclared contempt of court. In addition, I seek these damages for the infliction of long term emotional and psychological abuses of my daughter which can be documented by multiple eyewitness accounts and for jeopardizing the health and safety of my daughter by placing her in an environment where she was constantly and repeatedly ill.

From Tina Wood, I seek punitive damages of not less than $500,000 for being an accessory to and ordering the unlawful Interstate removal of lawful custody of my daughter in violation of Uniform Child Custody and Jurisdiction Act, which resulted in parental alienation and the willful and intentional delay in the return of lawful custody of my daughter.

From Sgt. Kevin Disheroon, I seek punitive damages of not less than $100,000 damages for being an accessory to the constitutional and civil rights abuses and violations by agents of the Arkansas Department of Human Services, standing idly by while allowing the unlawful removal from custody of my daughter and the unlawful search and seizure and restriction of liberty and privacy within my domicile.

From Office David Campbell, I seek punitive damages of not less than $100,000 for falsification of official police records leading the false and unlawful arrest of my wife and I.

From Officer Daniel Crawford, I seek punitive damages of not less than $100,000 for falsification of official police records leading to the unlawful and false arrest of my wife and I.

I demand a jury trial in this matter to decide penalties and awards if no mediation can be reached within the jurisdiction and authority of its legal status as a federal court house.

Dated this 9th day of May 2018

_____
[Attorney Name]

Legal Complaint - 9

PRO SE GUIDE

IV.    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*Explained in Legal complaint and Brief.*

V.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: *May 9th, 2018*

Signature of Plaintiff   *Andrew Dietric*
Printed Name of Plaintiff   *Andrew Dietric*

Address of Plaintiff   *509 Huntsville St*
*Berryville, AR 72616*

Telephone Number   *870-929-6587*

20