US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 1 7 2019

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**ANDREW DZIEDZIC**                                                          **PLAINTIFF**

**V.**                              **CASE NO 3:18-cv-03050**

**ARKANSAS DEPARTMENT OF HUMAN SERVICES;
DENISE GIBSON;
JEDEDELIAH THOMPSON;
REBECCA MAYFIELD;
KIMBERLY SIMMONS;
SARA ASHURST;
CLAY REYNOLDS;
TINA WOOD; and
OFFICER DAVID CAMPBELL**                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew Dziedzic appears in this case *pro se* and *in forma pauperis*. He filed

his original complaint on May 10, 2018, alleging that the Arkansas Department of Human

Services ("Arkansas DHS") and several of its employees violated his constitutional rights,

pursuant to 42 U.S.C. § 1983, when they instituted a child-welfare proceeding and

removed his daughter from the family home in June of 2016. He also maintained that

shortly after he regained custody of his daughter in early 2017, Arkansas DHS employees

interfered in a second child-welfare investigation initiated by the Missouri Department of

Human Services. According to Dziedzic, because certain Arkansas DHS workers made

unfounded accusations about him and his wife, prosecutors filed false criminal charges

against the couple (though the charges were eventually dismissed).

The Court performed a pre-service screening of the original complaint pursuant to

28 U.S.C. § 1915(e)(2) and dismissed Arkansas DHS and multiple individual defendants,

1

finding that the allegations Dziedzic had made against them either failed to state plausible claims or were asserted against individuals or entities that were immune from suit. *See* Doc. 9. The only claims that remained after the Court's pre-screening Order were individual-capacity ones against Arkansas DHS workers Jededeliah Thompson, Rebecca Mayfield, Clay Reynolds, Sara Ashurst, Kimberly Simmons, and Tina Wood, and against Berryville police officer David Campbell. *Id.* at 15.

The Court held a case management hearing on February 13, 2019, and Dziedzic and counsel for the remaining defendants both appeared in person. At that time, Dziedzic informed the Court that he wished to file an amended complaint to add more facts and clarify his various causes of action. The Court granted him leave to do so, *see* Doc. 31, and Dziedzic filed his Amended Complaint on March 14, 2019 (Doc. 38). The amended pleading names some Defendants that the Court previously dismissed, including Arkansas DHS and Denise Gibson. The pleading also names Defendant David Campbell in the style, but never mentions him in the body of the document.

The Amended Complaint has not yet been served on any agency or individual named as a Defendant. This is because the Court has not performed its pre-service screening pursuant to 28 U.S.C. § 1915(e)(2). In addition, separate Defendants Ashurst, Mayfield, Reynolds, Simmons, Thompson, and Wood—who appeared in the case after being served with the original complaint—have now filed a Motion to Dismiss the claims made against them in the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 40.

At this point, more than six weeks have passed since separate Defendants' Motion to Dismiss was filed of record, and Dziedzic has failed to file a response. The Court has

2

no reason to believe Dziedzic was not properly served, *see* Doc. 40 at 4 and Doc. 41 at 18 (indicating counsel served copies of the motion and supporting documents on Dziedzic via regular mail).

With the procedural history of the case out of the way, the Court will next recite the facts alleged in the Amended Complaint and review the legal standards governing pre-screening orders under § 1915(e)(2) and motions to dismiss under Rule 12(b)(6). For the reasons explained below, all claims in the case will be **DISMISSED**.

## I. BACKGROUND

According to the Amended Complaint, employees and officers of Arkansas DHS falsified records, mischaracterized facts, and committed perjury in investigating and ultimately removing Dziedzic's daughter from his and his wife's custody for a period of time. Dziedzic alleges that he suffered due process violations prior to and after DHS's removal of his daughter from his home in late June of 2016. He was afforded a due-process hearing on July 6, 2016, and was ordered to attend Alcoholics Anonymous and to be evaluated for drug use. His daughter was eventually returned to him on January 21, 2017, but he admits that shortly thereafter, his dog attacked his daughter "without provocation in February 2017," necessitating her emergency transport "to a medical facility in Springfield, MO." (Doc. 38 at 2). Dziedzic further alleges that Defendant Reynolds "took custody" of Dziedzic's daughter during or after her hospitalization without authority to do so. *Id.* at 3. But it is clear from other facts stated in the Amended Complaint that when Dziedzic accuses Reynolds of "taking custody" of the child, he does not actually mean that Reynolds left the hospital with her. Instead, the Amended Complaint states that DHS officials in Greene County, Missouri, placed a "hold" on Dziedzic's daughter, and his daughter's aunt,

3

Kimberly Freeman,[1] drove from Arkansas and picked up the child from the hospital in Missouri. (Doc. 38 at 3). Dziedzic indicates that the only reason his daughter left the hospital with her aunt as opposed to her parents was because of "false statements" and a "false complaint" lodged with Green County DHS by Defendants Mayfield and Reynolds. *Id.* He also accuses the Arkansas DHS Defendants of making false statements to police at or around the time of the hospital incident, leading to criminal charges being filed against him and his wife.

In the instant civil lawsuit, Dziedzic contends his constitutional rights were violated by Arkansas DHS and their employees, who were acting under color of law pursuant to 42 U.S.C. § 1983. His specific claims are that:

(1) Simmons and Ashurst entered his property "without consent, warrant or probable cause" in June of 2016, *id.*;

(2) Simmons and Ashurst then seized his daughter "without probable cause, by fraud or by falsification of court documents," *id.*;

(3) Simmons and Ashurst intentionally delayed a probable cause hearing "for far longer than the required statutory period of five business days," *id.* at 4;

(4) unspecified Defendants tampered with evidence "that resulted in a false positive drug result" that led to the delay in returning his daughter to his custody in 2016, *id.*;

(5) Thompson and Gibson committed "supervisory neglect" by failing to act on "crimes she [unspecified] knew to have been committed" by subordinates, *id.*;

(6) Arkansas DHS lacked jurisdiction to seize his daughter in 2016; and

---

[1] To the extent Dziedzic contends Freeman violated his constitutional rights, she is a private citizen, not a person who is alleged to have acted under color of state law as defined in Section 1983.

(7) Gibson, Reynolds, Simmons, Ashurst, and Mayfield committed acts that resulted in "[r]epeated separation and parental alienation" from Dziedzic's daughter, without cause, *id.*

Importantly, the Amended Complaint requests only monetary damages and a "declaration" that Dziedzic's "rights were violated." *See id.* at 6. It does not request injunctive or other equitable relief.

The 2016 "seizure" of Dziedzic's daughter, as described in the Amended Complaint, was the subject of a juvenile court case involving Arkansas DHS, Dziedzic, and Dziedzic's wife in *Arkansas Department of Human Services v. Christine Grunwald* (Doc. 44-2).[2] In that case, the Carroll County Circuit Court issued an Ex Parte Order for Emergency Custody on June 28, 2016, determining that there was probable cause to remove the child from the Dziedzics' home "to protect the health and safety of said juvenile from immediate danger . . . ." *Id.* at 1. The Ex Parte Order also noted that the Dziedzics' home was a "danger to the juvenile with animal urine and feces on the floor and walls and trash on the floor and furninture [sic]." *Id.* at 1-2. Finally, the court authorized Arkansas DHS and its agents to place the Dziedzics' child in protective custody. *Id.* at 2.

After a probable-cause hearing on July 6 in which Dziedzic was present, the state court entered a Probable Cause Order (Doc. 44-3), finding that: (1) probable cause existed to remove the child from the Dziedzics' custody, (2) the conditions precipitating the removal

---

[2] When evaluating a motion to dismiss, the Court may take judicial notice of "documents and 'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'" *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 954 (8th Cir. 2017) (quoting *United States ex rel. Paulos v. Stryker Corp.*, 762 F.3d 688, 696 (8th Cir. 2014)). Accordingly, the Court takes judicial notice of the orders entered by the Carroll County Circuit Court in the underlying child-welfare case.

of the child continued to exist as of the date of the probable-cause hearing, and (3) the emergency order that the court had issued to protect the child was still necessary and would remain in force. *Id.*

## II. LEGAL STANDARDS

The Court has the obligation to screen any complaint in which an individual has sought or been granted leave to proceed *in forma pauperis*. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

A motion to dismiss made pursuant to Rule 12(b)(6) asks the Court to dismiss a pleading that does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2). The Court must accept all of a complaint's factual allegations as true and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F. 3d 659, 665 (8th Cir. 2009). With that said, however, the facts

6

alleged must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.*

### III. DISCUSSION

#### A. Pre-Service Screening under 28 U.S.C. § 1915(e)(2)

The Court begins its analysis by considering the claims asserted in the Amended

Complaint against Defendants whom the Court previously determined were not proper

entities or individuals to sue. Beginning with Arkansas DHS, this "is a State agency." *Ark.*

*Dep" of Health & Human Servs. v. C.M.*, 100 Ark. App. 414, 416 (2007). All claims for

money damages against Arkansas DHS are tantamount to claims against the State and

are therefore barred by the doctrine of sovereign immunity. *See, e.g., McLean v. Gordon*,

548 F.3d 613, 618 (8th Cir. 2008) (finding district court erred in failing to grant summary

judgment for Missouri Department of Social Services on § 1983 claim, as Department was

an arm of the State, and "a State is not a 'person' against whom a § 1983 claim for money

damages might be asserted" (citation omitted)).

Sovereign immunity is a jurisdictional bar to recovery, and in this matter, the

State of Arkansas and its agencies and officials have not consented to suit in federal

court. *See Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991). Moreover, any official-

capacity claims against any Defendants employed by Arkansas DHS are barred either by

sovereign immunity or because the individuals in their official capacities are not considered

to be "persons" for purposes of the civil rights statutes. *See Will v. Mich. Dept. of State*

*Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official

capacities are 'persons' under § 1983"); *Zairael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (per curiam) ("Section 1983 provides no cause of action against agents of the State acting in their official capacities."). Finally, any request for declaratory judgment establishing only the past liability of the State is barred by the Eleventh Amendment. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 646 (2002). For all these reasons, Arkansas DHS is **DISMISSED WITH PREJUDICE**, as it is immune from suit. Further all official-capacity claims asserted against Arkansas DHS employees are **DISMISSED WITH PREJUDICE**.[3]

Next, the Court turns to Defendant Denise Gibson, who was described by Dziedzic in the original complaint as an administrative law judge who denied him reasonable visitation with his daughter and ordered him to attend parenting classes. (Doc. 1 at 12-13). The Court dismissed her from the original complaint due to judicial immunity, and the complaint was never served on her. *See* Doc. 9 at 11. Now, in Dziedzic's Amended Complaint, he describes Gibson as "acting Supervisor of the Carroll County DHS office"—and not an administrative law judge (Doc. 38 at 1). If the Court assumes that Gibson is merely a supervisor and not a judge, only the following facts about her appear in the Amended Complaint: (1) Defendants Simmons and Ashurst called Gibson on the telephone on June 23, 2016; (2) Gibson and other unspecified Defendants "went on to alienate [Dziedzic and his wife] as parents, extorting [their] compliance [with drug and alcohol rehabilitation and treatment] in exchange for visitation with [their] daughter," *id.* at

_____

[3] Where the Eleventh Amendment bars suit against a state agency, dismissal with prejudice is proper. *See Tex. Cmty. Bank, N.A. v. Mo. Dep't of Soc. Servs., Div. of Med. Servs.*, 232 F.3d 942, 943 (8th Cir. 2000)

2; (3) Gibson and Reynolds "coerced" Dziedzic and his wife into leaving one of the Dziedzics' dogs in a large outdoor kennel in January of 2017, *id.*; and (4) Gibson "fail[ed] to act on crimes she knew to have been committed," *id.* at 4.

None of these facts about Gibson, even assumed as true, are specific enough to state a plausible claim for a violation of Dziedzic's constitutional rights. A DHS officer who insists that a parent comply with court-ordered drug and alcohol rehabilitation and directs a parent to keep a dog in an outdoor kennel—particularly in light of the fact that this particular dog later attacked the Dziedzic's child—does not violate that parent's constitutional rights in any way. Further, Dziedzic's charge that Gibson failed to act on "crimes" her subordinates allegedly committed lacks plausibility as Dziedzic not only failed to identify these crimes, but also (as will be explained below) failed to plausibly allege that any of the other separate Defendants violated his constitutional rights. Accordingly, Gibson is **DISMISSED WITHOUT PREJUDICE** under Section 1915(e)(2) for failure to state a claim.

Finally, with respect to Defendant Campbell, a police officer, no facts are asserted against him in the Amended Complaint, and he is therefore **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to the Court's authority to pre-screen pleadings for service.[4]

---

[4] The Court also believes Dziedzic did not intend to name Campbell in the Amended Complaint. On the last page of the Amended Complaint, he lists Campbell's name and indicates that he "will file [a] separate motion to dismiss." (Doc. 38 at 6).

## B. Separate Defendants' Motion to Dismiss

The Court turns now to the individual-capacity claims that remain against Arkansas DHS employees Ashurst, Mayfield, Reynolds, Simmons, Thompson, and Wood. The claims are the subject of these Defendants' collective Motion to Dismiss. However, for the sake of completeness of the record, the Court will take the time in the following discussion to analyze the legal arguments made in the motion and determine whether any of the claims against these Defendants conform to the pleading standards set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The motion to dismiss correctly points out that Dziedzic's claims concerning the child-welfare proceedings that were initiated by Arkansas DHS in 2016 were the subject of final, appealable orders entered by the Circuit Court of Carroll County, Arkansas. Dziedzic failed to appeal those orders. He acknowledges in the Amended Complaint that he "do[es] not ask the court to change the past or rule on any of the established facts of this case" and is "not disputing the findings of the State or the social workers." (Doc. 38 at 3). However, in filing this lawsuit and asserting these claims against the separate Arkansas DHS Defendants, it is clear he *does* disagree with the ultimate findings of the juvenile court.

The law is well established that DHS workers are absolutely immune from liability when filing or initiating proceedings to protect abused or neglected children. *Thomason v. SCAN Volunteer Servs., Inc.*, 85 F.3d 1365, 1373 (8th Cir. 1996). This absolute liability also extends to the case workers' acts of providing reports and recommendations to the family court. *Myers v. Morris*, 810 F.2d 1437, 1452 (8th Cir. 1987). Moreover, federal

10

district courts may not engage in appellate review of state court decisions—which is essentially what Dziedzic asks this Court to do with respect to the juvenile court proceedings that occurred in the summer of 2016. *See Skit Intern., Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007) (explaining that "lower federal courts [are prohibited] from exercising appellate review of state court judgments").

Dziedzic collaterally attacks the state court's decision to seize his child and place her in DHS custody, and that collateral attack is barred by the *Rooker-Feldman* doctrine. This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (citing *Rooker v. Fid Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Accordingly, Dziedzic's claims related to the separate Defendants' actions in investigating his living situation, entering onto his property, seizing his daughter, and placing her in DHS custody in June of 2016 are barred by the *Rooker-Feldman* doctrine, and the claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Dziedzic separately claims that the state court's due-process hearing that occurred after his daughter was taken into Arkansas DHS custody was so delayed that the delay itself violated his substantive due process rights. The due-process hearing was held eight days after the state court issued its ex parte order directing DHS to take custody of Dziedzic's daughter. Substantive due process "is concerned with violations of personal rights . . . so severe . . . so disproportionate to the need presented, and . . . so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted

11

to a brutal and inhumane abuse of official power literally shocking to the conscience." *Hall v. Tawney*, 621 F.2d 607, 613 (4th Cir. 1980) (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). The facts alleged here are not, by any measure, severe. They therefore cannot state a plausible claim for a due-process violation.

The Court's decision is supported by the case law. For example, in *Fitzgerald v. Williamson*, 787 F.2d 403 (8th Cir. 1986), the Eighth Circuit analyzed similar claims brought by parents who complained that state social workers had improperly initiated juvenile court proceedings to remove a child from the parents' home. It did "not shock [the Court's] conscience or otherwise offend [its] judicial notions of fairness to hear that caseworkers responsible for an allegedly abused child arranged for the child to be examined by a psychologist and, after receiving confirmation of child abuse, reduced the parents' visitation rights . . . ." *Id.* at 408. Similarly, it does not shock this Court's conscience to consider that the due-process hearing took place a little more than a week after the child in question was brought into DHS custody. This due-process claim is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

Next, to the extent Dziedzic argues that Defendant Thompson, a DHS supervisor, should be held liable for alleged supervisory neglect of her subordinates, such a claim is not cognizable under Section 1983. *See Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) ("The doctrine of *respondeat superior* is inapplicable to actions brought pursuant to this section."). Dziedzic does not allege that Thompson had any personal involvement in the events he claims violated his constitutional rights, and the *Rooker-Feldman* doctrine bars substantive review of actions that formed the basis for the state court's orders. The claims against Thompson are therefore **DISMISSED WITHOUT PREJUDICE**.

Finally, the Court turns to the facts concerning a dog-bite incident that took place in February of 2017, shortly after Dziedzic's daughter was returned to his and his wife's custody by DHS. Dzidezic admits that his dog, a pit bull, attacked his daughter, and she was air-lifted to a medical facility in Springfield, Missouri, soon afterward. According to Dziedzic, DHS officials in Greene County, Missouri, placed a "hold" on his daughter, and his daughter's aunt picked her up and brought her back to Arkansas, where at some point thereafter, "the State of Arkansas took custody" of the child. (Doc. 38 at 3). Dziedzic surmises that Defendant Reynolds must have "contact[ed] Greene County social services and fil[ed] a false complaint using the State's child abuse hotline." *Id.* He then suggests that Defendant Mayfield made false statements to police about the incident that resulted in him and his wife being charged "with two crimes, one a felony." *Id.*

These allegations asserted against Mayfield and Reynolds are conclusory in nature and fail to state a valid claim for the violation of any of Dziedzic's constitutional rights. Dziedzic does not suggest that they or any other Arkansas DHS Defendant traveled outside Arkansas to seize Dziedzic's daughter from the Missouri hospital. Further, the Court is not aware how a social worker making a call to a child abuse hotline under these circumstances could possibly constitute a violation of law. Although Dziedzic claims the State of Arkansas "took custody" of his daughter, he does not explain how that process violated his constitutional rights. He does not state any facts to support his contention that the entire incident was "borderline kidnapping," and he offers no supporting facts to explain how alleged statements made by Mayfield to police could have violated his constitutional rights. *Id.* Accordingly, these claims are **DISMISSED WITHOUT PREJUDICE**.

13

## IV. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that, pursuant to the Court's pre-service screening of the Amended Complaint under 28 U.S.C. § 1915(e)(2), Defendant Arkansas Department of Human Services is **DISMISSED WITH PREJUDICE** as immune from suit, Defendant Denise Gibson is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, and Defendant Officer David Campbell is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 40) filed by separate Defendants Sara Ashurst, Rebecca Mayfield, Clay Reynolds, Kimberly Simmons, Jedediah Thompson, and Tina Wood is **GRANTED**, and all claims against them are **DISMISSED WITHOUT PREJUDICE** as explained above, either due to lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, or for failure to state a claim.

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED** on this 17th day of May, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE